(No. 6155—

MILDRED O'HEARN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

CARL J. CIPOLLA, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. ARKEMA, JR., Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Mildred O'Hearn, seeks payment for injuries she sustained on November 18, 1970, while she was at the Illinois Division of Unemployment Compensation Office at 4082 North Milwaukee Avenue, Chicago, Illinois. She was at this office for the purpose of obtaining her unemployment compensation check.

Evidence discloses that she was in the office from early in the morning on the date of the accident until around 4:15 p.m.

The office contained many chairs, either aluminum or steel, and they were movable. The chairs were there for the benefit and convenience of the public, such as claimant. The evidence also discloses that she had been in this office on at least three previous occasions and, consequently, she was familiar with the contents therein, such as the seating arrangements, type of chairs, etc.

Claimant's testimony is that she arrived at the office about 9:00 a.m. and, as the accident did not occur until after 4:00 p.m., she had been in this office for a full day and had a chance to observe the placing of the chairs, the moving of them, and the general picture of the area.

Claimant contends that the legs of the chair which caused her to fall were sticking out at an angle of approximately 45°. She claims that this chair had been pushed into the aisle by someone unknown and that she did not see the leg of the chair when she fell over the same.

Claimant sustained rather serious injuries and as a result of these injuries she underwent a surgical procedure and was on crutches until she returned to work on January 2, 1971, after which she used a cane until April 1971, when she was discharged by her doctor.

It is claimant's contention that the rear legs of the chair in question, which was the ordinary type of office chair, were dangerous and defective in that the legs protruded into the aisle making it unsafe for her to pass. She further contended that the State was negligent in having such type of furniture in this office and, consequently, she is entitled to the money expended for medical care and attention, as well as compensation for the injury she sustained.

The respondent filed a motion to dismiss and, as grounds for said motion, stated that the claimant was in violation of Rules 16 and 18 of the rules of this Court because the claimant did not file an abstract of the evidence from the record, which was approximately 150 pages in length.

Claimant answered the motion to dismiss by stating that she did not file the abstract because of an agreement with the Assistant Attorney General. We accept claimant's answer.

It is fundamental that the burden of proof is upon claimant to establish negligence on the part of respondent, as well as her freedom from contributory negligence,

before recovery can be had. *26 C.C.R. Page 77, at Page 80.*

The law in the State of Illinois is clear that, in order for claimant in a tort action to recover against the State, he must prove that the State was negligent, that such negligence was the proximate cause of the injury, and that claimant was in the exercise of due care and caution for his own safety. *McNary* vs. *State of Illinois*, 22 C.C.R. 328, *Bloom, et al* vs. *State of Illinois*, 22 C.C.R. 582, 585. It is a well-known proposition of law that the State is not an insurer against accidents occuring on its streets and highways. *Manus* vs. *State of Illinois*, 22 C.C.R. 335; *McNary* vs. *State of Illinois*, 22 C.C.R. 328.

The record is completely devoid of any negligence on the part of respondent unless the fact that chairs were provided for the use of the public could be considered negligence. The evidence shows that the type of chairs used were ordinary type of office chairs used in business waiting rooms and that the claimant, having been there at least three times previously and having spent the day there on the day the accident occurred, consequently was thoroughly familiar with the area on the day in question.

It is the opinion of this Court that the claimant has failed to meet the requirements as to the burden of proof and this claim is hereby denied.